UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL L. MORTON,<br><br>　　　　　　　Petitioner,<br>　v.<br>KARIN ARNOLD,<br><br>　　　　　　　Respondent. | Case No. 3:25-cv-05818-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>October 29, 2025</u> |

Petitioner Cecil L. Morton is a state prisoner who is confined at the Stafford Creek Corrections Center in Aberdeen, Washington. Dkt. 1-2. Petitioner has filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1) along with a proposed petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1-2), request for certificate of appealability (Dkt. 1-5), proposed motion seeking leave to argue for certificate (Dkts. 3) and motion requesting judicial notice (Dkts. 1-4). In his proposed § 2241 habeas corpus petition, petitioner contends (1) his Fourteenth Amendment rights were violated because the Pierce County Superior Court imposed a judgment and sentence without subject matter jurisdiction; and (2) the Pierce County Superior Court violated his First Amendment right to access the court by refusing to file his CrR 7.4 motion to arrest judgment in 2025. Dkt. 1-2.

Petitioner has filed other federal habeas petitions relating to the same judgment.

Under Rule 4 and Rule 1(b) of the Rules Governing § 2254 and § 2241 cases, the Court must review a habeas petition and should dismiss the petition if it "plainly

REPORT AND RECOMMENDATION - 1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

After reviewing the petition filed in this matter and petitioner's prior petitions, the undersigned recommends that the Court dismiss the petition without prejudice for lack of jurisdiction. A certificate of appealability should be denied. The motion to proceed IFP (Dkt. 1), request for certificate of appealability (Dkt. 1-5), proposed motion seeking leave to argue for certificate (Dkts. 3) and motion requesting judicial notice (Dkts. 1-4) should be denied as moot.

## DISCUSSION

This federal habeas petition was filed on September 12, 2025. Dkt. 1-2, proposed habeas corpus petition. The petition relates to the judgment and sentence entered under Pierce County Superior Court case number 94-1-00829-5. *Id.* at 1. In that case, petitioner was convicted, after a jury trial, of first-degree robbery, first-degree burglary, and three counts of first-degree rape with a deadly weapon. Dkt. 1-2; *State of Washington v. Morton, et al.*, Superior Court of Pierce County Cause No: 94–1–00829–5 (judgment entered September 21, 1994); *State v. Morton*, 89 Wash. App. 1054 (1998) (denial of direct appeal on same conviction).

In the federal habeas corpus petition, petitioner alleges in Ground One that his Fourteenth Amendment rights were violated because the Pierce County Superior Court imposed a judgment and sentence without subject matter jurisdiction. Dkt. 1-2. He appears to argue that no probable cause determination was made within 48 hours after his arrest and no complaint was filed, and that therefore the Pierce County Superior Court lacked subject matter jurisdiction to impose a judgment and sentence in his case.

REPORT AND RECOMMENDATION - 2

Dkts. 1-3. In Ground Two, petitioner alleges the Pierce County Superior Court violated his First Amendment right to access the court by refusing to file his CrR 7.4 motion to arrest judgment in 2025. Dkts. 1-2, 1-4.

The habeas corpus statute "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Therefore, this petition is properly construed as brought pursuant to § 2254.

A review of this Court's records reveals that petitioner filed a prior habeas petition in 2017 related to this same judgment and sentence which was dismissed as time barred. *Morton v. Gilbert*, No. 3-17-cv-05536-RJB-DWC, 2017 WL 5899551, at *1 (W.D. Wash. Oct. 26, 2017), *report and recommendation adopted*, 2017 WL 5756883 (W.D. Wash. Nov. 28, 2017). Petitioner's appeals to the Ninth Circuit and United States Supreme Court were denied. *Morton v. Gilbert*, No. 18-35027, 2018 WL 1779051, at *1 (9th Cir. Mar. 12, 2018) (denying certificate of appealability); *Morton v. Haynes*, 139 S. Ct. 432 (2018) (denying petition for writ of certiorari). Petitioner filed another § 2254 petition challenging the same judgment and sentence in 2024; the Court held this was a successive petition under 28 U.S.C. § 2244 and the case was dismissed for lack of jurisdiction. *See Morton v. Bennett*, No. 24-cv-5150-TMC-DWC, 2024 WL 1941089, at *1 (W.D. Wash. Mar. 1, 2024), *report and recommendation adopted*, 2024 WL 1931808 (W.D. Wash. May 2, 2024).

28 U.S.C. § 2244 provides, in relevant part:

> (a) *No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person*

REPORT AND RECOMMENDATION - 3

> *pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus*, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244 (emphasis added).

Here, petitioner filed a prior § 2254 federal habeas petition challenging the same judgment at issue here which was dismissed with prejudice. *See Morton v. Gilbert*, No. 3-17-cv-05536-RJB-DWC, 2017 WL 5899551, at *1 (W.D. Wash. Oct. 26, 2017), *report and recommendation adopted*, 2017 WL 5756883 (W.D. Wash. Nov. 28, 2017); 28 U.S.C. § 2244(a).

REPORT AND RECOMMENDATION - 4

"A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). "The dismissal of a habeas petition as untimely constitutes a disposition on the merits and … a further petition challenging the same conviction would be 'second or successive; for purposes of 28 U.S.C. § 2244(b)." *Id.* "'Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition.'" *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (quoting *Cooper v. Calderon,* 274 F.3d 1270, 1273 (9th Cir. 2001)). For instance, "second-in-time habeas petitions challenging new or intervening judgments are not second or successive." *Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017).

With respect to Ground One, the claim petitioner raises in the instant petition could have been adjudicated on the merits in his first habeas petition. Furthermore, Ground Two -- alleging the Pierce County Superior Court violated petitioner's First Amendment right to access the court by refusing to file his CrR 7.4 motion to arrest judgment in 2025 – is outside the scope of federal habeas review. The only claims reviewable in a habeas petition are those "attacking the validity of the fact or length of [a petitioner's] confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Petitioner's First Amendment claim does not attack the fact or duration of his confinement, and therefore it is not a proper claim for habeas relief.[1] Thus, nothing in Ground Two alters

---

[1] If petitioner intends to pursue a claim for damages or other forms of relief based on the alleged violation of his First Amendment rights, he must do so in a separate action filed pursuant to 42 U.S.C. § 1983. The Court also notes that generally "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

REPORT AND RECOMMENDATION - 5

the status of the habeas petition as second or successive. The Court should therefore find the petition is a second or successive petition under 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a).

This Court has no jurisdiction to consider a successive petition unless the Ninth Circuit has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A); *see Burton v. Stewart*, 549 U.S. 147, 157 (2007) (finding that the district court lacked jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, the Court should DISMISS the petition without prejudice for lack of jurisdiction.

Petitioner's motion to proceed *in forma pauperis* (Dkt. 1), proposed motions seeking leave for certificate (Dkts. 1-4, 3), and requests for judicial notice (Dkt. 1-5, 5) should be DENIED as moot.

## CERTIFICATION OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner may satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

322, 327 (2003). Under this standard, the Court should find that petitioner is not entitled to a certificate of appealability here, as jurists of reason could not disagree, and the issues are not adequate to deserve this Court's encouragement.

CONCLUSION

For those reasons, the undersigned recommends that the Court DISMISS the petition for writ of habeas corpus without prejudice for lack of jurisdiction. Petitioner's motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), request for certificate of appealability (Dkt. 1-5), proposed motion seeking leave to argue for certificate (Dkts. 3) and motion requesting judicial notice (Dkts. 1-4) should be denied as moot. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have 14 days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **October 29, 2025**, as noted in the caption.

Dated this 14th day of October, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7