UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECEL L. MORTON, | CASE NO. C25-5818 BHS |
| Petitioner, | ORDER |
| v. | |
| KARIN ARNOLD, | |
| Respondent. | |

THIS MATTER is before the Court on Magistrate Judge Theresa Fricke's Report and Recommendation (R&R), recommending the Court dismiss pro se petitioner Cecil Morton's § 2241 habeas petition as second or successive, decline to issue a certificate of appealability, and dismiss the case for lack of jurisdiction. Dkt. 5.

The R&R correctly concludes that Morton has filed numerous habeas petitions arising from his 1994 convictions. It also correctly concludes that Morton's most recent iteration is properly construed as a § 2254 petition. The only available mechanism for Petitioner to challenge in federal court his current state confinement is 28 U.S.C. § 2254, not § 2241. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in

1  custody pursuant to a state court judgment, even when the petitioner is not challenging
2  his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002,
3  1009–10 (9th Cir. 2004)).

4  A district judge must determine de novo any part of the magistrate judge's
5  disposition to which a party has *properly* objected. The district judge may accept, reject,
6  or modify the recommended disposition; receive further evidence; or return the matter to
7  the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection
8  requires specific written objections to the findings and recommendations in the R&R.
9  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

10 Morton's objects to the R&R's conclusions and recommendations, but he has not
11 addressed the facts or analysis in it. He claims that he can raise subject matter jurisdiction
12 at any time, and that the Court erred in construing his petition under § 2254. These
13 objections are without merit, and they are **OVERRULED**. The R&R is **ADOPTED**,
14 Morton's habeas petition is **DENIED**, the Court will **NOT** issue a § 2253(c) Certificate
15 of Appealability, and the matter is **DISMISSED**. All other pending motions are denied as
16 moot.

17 The Clerk shall enter a **JUDGMENT** and close the case.

18 Dated this 7th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge